Gordon L. HILL; NECA–IBEW Pension Fund; Southwest Carpenters Pension Trust, Plaintiffs,

Anima S.G.R.P.A., Plaintiff, Appellant,

v.

Shai N. GOZANI; W. Bradford Smith; Gary Gregory; NeuroMetrix, Inc., Defendants, Appellees.

No. 10–1048.

United States Court of Appeals, First Circuit.

Heard Sept. 15, 2010.

Decided May 26, 2011.

David Pastor, Gilman & Pastor LLP, Thomas G. Shapiro, Adam M. Stewart, Shapiro Haber & Urmy LLP, Boston, MA, for Plaintiffs.

Lauren Wagner Pederson, Richard A. Russo, Jr., Benjamin J. Sweet, Michael K. Yarnoff, Barroway Topaz Kessler Meltzer & Check LLP, Radnor, PA, for Plaintiff, Appellant.

Deborah S. Birnbach, Laura Stock Craven, Kevin Paul Martin, Katherine G. McKenney, Goodwin Procter LLP, Boston, MA, for Defendants, Appellees.

Before BOUDIN, RIPPLE * and SELYA, Circuit Judges.

### ORDER OF COURT

Our opinion affirming dismissal of this action was issued on March 18, 2011. *Hill v. Gozani* (*Anima*), 638 F.3d 40 (1st Cir. 2011). Four days later, the Supreme

* Of the Seventh Circuit, sitting by designation.

Court issued an opinion in *Matrixx Initiatives, Inc. v. Siracusano*, —— U.S. ——, 131 S.Ct. 1309, 179 L.Ed.2d 398 (2011). Anima has filed a petition for rehearing en banc that centers on the *Matrixx* decision and that claims that our opinion is inconsistent with this new authority.[1]

In *Matrixx*, the Supreme Court examined a complaint that alleged a violation of section 10(b) of the Securities Exchange Act and the accompanying SEC Rule 10b–5. *See* 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b–5(b). The Court, drawing on established precedent, refined the contours of one element of such a cause of action—a material misrepresentation. The Court held that the materiality inquiry is a fact-specific one and therefore rejected the defendant's proposed bright-line rule that, in the pharmaceutical context, only statistically significant adverse events were material. The Court relied heavily on the standard of *Basic Inc. v. Levinson*, 485 U.S. 224, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988): whether the undisclosed material would have "significantly altered the total mix of information made available." *Id.* at 232, 108 S.Ct. 978 (internal quotation marks omitted). After concluding that the omitted facts in the case before it were material, the Court next concluded that, in the context of the statements Matrixx had made, there was a duty to disclose those omitted facts. Importantly, however, the Court stated:

> [I]t bears emphasis that § 10(b) and Rule 10b–5(b) do not create an affirmative duty to disclose any and all material information. Disclosure is required under these provisions only when necessary "to make ... statements made, in the light of the circumstances under which they were made, not misleading.["] 17 CFR § 240.10b–5(b); *see also*

*Basic,* 485 U.S. at 239, n. 17, 108 S.Ct. 978 ("Silence, absent a duty to disclose, is not misleading under Rule 10b–5"). Even with respect to information that a reasonable investor might consider material, companies can control what they have to disclose under these provisions by controlling what they say to the market.

131 S.Ct. at 1321–22 (first alteration in original) (parallel citation omitted).

Anima now raises three arguments in support of its position that our holding affirming the dismissal of its complaint is inconsistent with *Matrixx*. We cannot accept any of these arguments.

First, the focus of *Matrixx* is distinctly different from that of the present case. In *Matrixx*, the Court specifically reaffirmed the long-standing rule that the possession of material, non-public information does not create an automatic duty to disclose. *Id. Matrixx* focused on the antecedent question of when undisclosed facts are *material*. By contrast, in *Anima*, we acknowledged the materiality of most of the information sought by Anima, but found *no duty to disclose*, in light of the statements actually made by NeuroMetrix during the period.

Second, although Anima claims that our decision is "wholly incongruous" with *Matrixx* on the subject of whether a duty to disclose exists, Pet. for Reh'g at 8, the actual statements made by the companies involved in each case differed in ways that affect the duty to disclose. Matrixx had knowledge of specific, objective facts in the form of existing data from outside experts that placed in question the safety of its principal product. Despite this knowledge, Matrixx made contemporaneous statements that were unabashedly positive.

1. Under First Circuit Internal Operating Procedure X(C), "[a] petition for rehearing en banc will also be treated as a petition for rehearing before the original panel."

Its statements projected significant future earnings growth, untempered by existing facts that suggested serious risks; further, when the same data available to the company was publicized by others, Matrixx, without a basis in fact, publicly characterized that data as "completely unfounded and misleading" and stated that the safety of its product was "well established." *Matrixx*, 131 S.Ct. at 1323 (internal quotation marks omitted). By contrast, in our case, NeuroMetrix's statements acknowledged a risk to its business posed by nonreimbursement for its customers; further, once specific, objective facts solidified that risk, NeuroMetrix both disclosed those facts and spoke with increasing gravity about the risk. *See, e.g., Anima,* 638 F.3d at 55–56, 63–64, 65–66, 66–67, 68–69.

Third, Anima claims that our holding is inconsistent with *Matrixx* because we concluded, on the basis of circuit precedent, that NeuroMetrix was under no duty to disclose internal dissenting opinions held by directors of reimbursement about the company's reimbursement advice strategy. In Anima's view, *Matrixx* requires disclosure of internal expert opinions questioning a company's product; Anima argues that the reimbursement directors' opinions in the case before us therefore should have been disclosed. However, Anima's mere characterization of the reimbursement directors' advice as expert opinion hardly demonstrates that, for purposes of a section 10b–5 analysis, there is any similarity between the omitted facts in these two cases. In our opinion, we evaluated the duty to disclose predictions from two employees about possible future action of an outside entity, the American Medical Association, and the effect of such action on the company's future revenues. We held that, absent existing facts that demonstrated the truth of the employees' opinions, as was present in *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228 (5th Cir.2009), or *In re*

*Cabletron Systems, Inc.,* 311 F.3d 11 (1st Cir.2002), the company was entitled to adopt a more tentative and guardedly optimistic position regarding its product's future in the market. *See Anima,* 638 F.3d at 59. Importantly, we held that the statements actually made by NeuroMetrix in this case were not misleading because of the omission of the employees' dissenting opinions; the statements actually acknowledged the risks with increasing specificity as the existing facts so warranted. Nothing in *Matrixx* casts a cloud on this analysis. The Supreme Court did not hold that there was an absolute duty to disclose adverse information because it had been identified by "experts," internal or external; it simply held that Matrixx made a materially misleading statement when it publicly *discredited* expert opinions despite the fact that it had no independent basis to doubt the accuracy of those opinions.

Accordingly, the petition for rehearing is *denied.*